IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MAURICE P. SCOTT,<br>    Plaintiff, | )<br>)    Civil Action No. 7:23-cv-00621<br>) |
| v. | )<br>)    By: Elizabeth K. Dillon |
| MRS. STEVENSON, *et al.*,<br>    Defendants. | )         United States District Judge<br>)<br>) |

## MEMORANDUM OPINION

Plaintiff Maurice P. Scott, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. He has not paid the filing fee but has sought leave to proceed *in forma pauperis*.

Based on court records, it is clear that at least three of Scott's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Scott may not proceed with this case unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). His complaint, however, fails to allege any imminent danger of serious physical injury. For this reason, discussed in more detail herein, the court will dismiss the complaint in its entirety.

Scott's claims all arise from his incarceration at the Wallens Ridge State Prison. Scott's allegations relate to mental health treatment from a psychiatrist, Mrs. Stevenson, and his anti-depressant drug prescription (Zoloft). Specifically, Scott claims that nurses and medical staff have administered his medication crushed, but he prefers it to be whole and uncrushed. (Dkt.

---

[1] The cases are: (1) *Scott v. Sussex I State Prison*, 7:06-cv-00369 (W.D. Va. July 6, 2006); (2) *Scott v. Blue Ridge Regional Jail Auth.*, 7:05-cv-00281 (W.D. Va. Sept. 30, 2005); and (3) *Scott v. Mecklenburg*, 7:06-cv-367 (W.D. Va. July 21, 2006).

No. 1 at 3.) He claims that consuming the medication after it has been crushed upsets his stomach. (*See* Dkt. No. 1-1 at 16.) At the same time, Scott needs to take his medication to avoid because he has a history of depression and suicidal tendencies. (*Id.* at 53, 59.) Scott also claims that not taking his Zoloft caused him to be lightheaded and to have high blood pressure. (Dkt. No. 1 at 9.)

Notably, Scott's complaint does not contain any allegations to support a conclusion that he is in imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). The "imminent danger" must "exist contemporaneously when the action is filed," *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022), as "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct"). High blood pressure readings, lightheadedness, and a stomachache are not serious physical injuries. *See, e.g.*, *Loften v. Stephens*, Civil Action No. 7:15-cv-069-O, 2018 WL 10910848, at *2 (N.D. Tex. Mar. 1, 2018) ("A number of courts have rejected assertions that high blood pressure is itself sufficient to show that a prisoner is in imminent danger of serious physical injury within the meaning of § 1915(g).") (collecting cases). Furthermore, Scott's claims of psychological injury are not sufficient to entitle him to proceed under the "imminent danger of serious physical injury" exception. "As numerous courts have recognized, there no exception to the three strikes rule based upon a showing of an imminent danger of serious *psychological* injury." *Riddick v. White*,

Civil Action No. 7:22cv00437, 2022 WL 3083456, at *2 (W.D. Va. Aug. 3, 2022) (collecting cases) (emphasis in original). Scott has thus failed to satisfy the "imminent danger" exception.

As Scott has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(g). An appropriate order will be entered.

Entered: September 27, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge